UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jamel Albert Gross,<br><br>                                        Plaintiff,<br><br>-v-<br><br>Bank of America,<br><br>                                        Defendant. | 2:25-cv-4265<br>(NJC) (ARL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On July 3, 2025, Plaintiff Jamel Gross ("Mr. Gross") brought this action, proceeding pro se, against Defendant Bank of America ("Bank of America") in the Supreme Court of New York, Nassau County. (Not. Removal ¶ 1, ECF No. 1; ECF No. 1-1.) Bank of America removed this action to the United States District Court for the Eastern District of New York on July 31, 2025. (Not. Removal.) On August 7, 2025, Bank of America filed a pre-motion conference letter in anticipation of filing a motion to dismiss. (ECF No. 9.)

On August 9, 2025, the Court waived the pre-motion requirement and set a briefing schedule on Bank of America's motion to dismiss (hereafter the "August 9, 2025 Scheduling Order"). (Elec. Order, Aug. 9, 2025.) The Court ordered that Bank of America file any motion to dismiss by August 29, 2025, that Mr. Gross amend his complaint or file any opposition to Bank of America's motion to dismiss by September 19, 2025, and that Bank of America file any reply in support of the motion to dismiss by October 3, 2025. (Elec. Order, Aug. 9, 2025.) The August 9, 2025 Scheduling Order was mailed to Mr. Gross on August 12, 2025 at his P.O. Box of record, which also matches the address listed in his Complaint. (ECF No. 13; ECF No. 1-1 at 6–

7.) On August 29, 2025, Bank of America timely filed its motion to dismiss. (ECF No. 11.) On September 18, 2025, one day before Mr. Gross's deadline to amend the Complaint or file an opposition, the letter mailing Mr. Gross the Court's August 9, 2025 Scheduling Order was returned to the Court as undeliverable. (ECF No. 13.)

On October 3, 2025, the Court extended Goss's deadline to amend the Complaint or file any opposition to Bank of America's motion to dismiss to October 22, 2025. (Elec. Order, Oct. 3, 2025.) The Court also informed Mr. Gross that the "duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs." *Id.* (quoting *Rickenbacker v. Town of Babylon*, No. 21-cv-4517, 2021 WL 4122581, at *1 (E.D.N.Y. Sept. 8, 2021)). The Court therefore warned Mr. Gross that if he failed "to keep the Court apprised of his . . . current mailing address, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute." Elec. Order, Oct. 3, 2025 (quoting *Rickenbacker*, 2021 WL 4122581, at *1); *see also Szabo v. City of New York*, No. 16-cv-3683, 2022 WL 11213513, at *3 (E.D.N.Y. Oct. 19, 2022) ("Courts have repeatedly held that a plaintiff's failure to maintain an address with the Court is a sufficient ground to dismiss for failure to prosecute."). Accordingly, the Court ordered Mr. Gross to "provide his current mailing address to the Court within 14 days," i.e., by October 17, 2025, and "cautioned that his failure to do so may result in the dismissal of his complaint for failure to prosecute." (Elec. Order, Oct. 3. 2025.)

On October 6, 2025, the Court's October 3, 2025 Order was mailed to Mr. Gross at his P.O. Box of record. To date, Mr. Gross has not provided a current address with the Court nor has he otherwise communicated with the Court about this action or filed an opposition to Bank of America's motion to dismiss, the deadline for which was originally September 19, 2025 and

2

subsequently extended to October 22, 2025. The Court therefore considers the five factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"), as set forth in *Baptiste v. Sommers*:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

768 F.3d 212, 216 (2d Cir. 2014).

Balancing these five factors, it is appropriate to dismiss this action without prejudice for failure to prosecute under Rule 41(b). Given Mr. Gross' failure to respond to the Court's October 3, 2025 Order or to otherwise communicate with the Court, it appears that Mr. Gross has abandoned this case. Mr. Gross has failed to comply with this Court's Order by failing to provide his current mailing address and by failing to either amend the Complaint or file an opposition to Bank of America's motion to dismiss by October 22, 2025—a deadline that was extended from September 19, 2025. (*See* Elec. Order, Oct. 3, 2025.) The Court's October 3, 2025 Order placed Mr. Gross on notice that such failure would result in dismissal of the action. (*Id.*) Bank of America has appeared in the action and filed a motion to dismiss, so it would prejudice Bank of America to further delay this action in order to provide Mr. Gross more time to respond. Finally, considerations of judicial economy weigh in favor of dismissal. Since Mr. Gross has done little to move this case forward, the Court's need to reduce docket congestion outweighs Mr. Gross' right to be heard in this case or for the Court to rule on Bank of America's unopposed motion to dismiss. *See, e.g.*, *Caussade v. United States*, 293 F.R.D. 625, 630–31 (S.D.N.Y. 2013) ("There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes

substantial enough to warrant dismissal."). Indeed, the "efficient administration of judicial affairs—a consideration vital to the Court's ability to provide meaningful access to other litigants—depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). Accordingly, the dismissal of this action without prejudice appropriately balances the Court's interest in managing its docket with Mr. Gross's interest in receiving a fair chance to be heard.

Therefore, the Complaint in this action is dismissed without prejudice pursuant to Rule 41(b). The Clerk of the Court shall enter judgment and close this case. The Clerk of the Court shall also mail a copy of this Memorandum and Order to Mr. Gross at his address of record and record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
   October 31, 2025

                */s/ Nusrat J. Choudhury*
                NUSRAT J. CHOUDHURY
                United States District Judge